1   MATTHEW D. MURPHEY, Bar No. 194111
    matthew.murphey@troutmansanders.com
2   MEGHAN CANTY SHERRILL, Bar No. 259487
    meghan.sherrill@troutmansanders.com
3   TROUTMAN SANDERS LLP
    5 Park Plaza, Suite 1400
4   Irvine, CA  92614-2545
    Telephone:     949.622.2700
5   Facsimile:     949.622.2739

6   Attorneys for Plaintiff
    ACTIVE NETWORK, LLC

7

8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ACTIVE NETWORK, LLC, a Delaware          Case No.  '17CV359  MMAJLB
    limited liability company,
12                                           COMPLAINT FOR: (1) FEDERAL
                    Plaintiff,               TRADEMARK INFRINGEMENT, 15
13                                           U.S.C. § 1114; (2) CALIFORNIA COMMON
    v.                                       LAW TRADEMARK INFRINGEMENT; (3)
14                                           FEDERAL UNFAIR COMPETITION, 15
    BICKEL ADVISORY SERVICES, LLC, a         U.S.C. § 1125(a); (4) VIOLATION OF
15  New Jersey limited liability company and CALIFORNIA BUSINESS AND
    dba RunSignUp.com, ROBERT BICKEL,        PROFESSIONS CODE § 17200 ET SEQ
16  an Individual; NATALIE YOUNG, an
    Individual; and, DOES 1 through 10,      [DEMAND FOR JURY TRIAL]
17  inclusive,

18                  Defendant.

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiff Active Network, LLC ("Active") files this Complaint against Defendants Bickel Advisory Services, LLC dba RunSignUp.com, and Robert Bickel (together, "Bickel"), as well as Defendant Natalie Young ("Young"), and alleges as follows:

**Nature of Action**

1.      This is an action for trademark infringement under 15 U.S.C. § 1114, California common law trademark infringement, unfair competition under 15 U.S.C. § 1125(a), and unfair competition under California Business and Professions Code § 17200, *et seq*, seeking monetary damages and other relief against Defendants due to their infringement of Active's "COUCH TO 5K" trademarks, U.S. trademark registration numbers 3769221 (the "'221 Mark") and 4397245 (the "'245 Mark") (collectively, the "Couch to 5K Mark(s)").

**The Parties**

2.      Active is a limited liability company duly organized, existing, and in good standing under the laws of the State of Delaware and authorized to do business in the State of California.

3.      On information and belief, Defendant Bickel Advisory Services, LLC, doing business as RunSignUp.com, is a limited liability company organized under the laws of the State of New Jersey, with business activities throughout the United States and on the World Wide Web. Bickel Advisory Services, LLC identifies LEGALZOOM.COM, INC. (C2967349) as its agent for service of process in California.

4.      On information and belief, Defendant Robert Bickel is an individual residing in the state of New Jersey, and managing member of Bickel Advisory Services, LLC.

5.      Defendant Natalie Young ("Young") is an individual who resides in San Diego, California.  On information and belief, Young is an employee of Bickel Advisory Services LLC, and is responsible for web-based content and client interactions for Bickel Advisory Services LLC.  Young is also a former employee of Plaintiff's predecessor in interest, and has, on numerous occasions since her employment with Plaintiff's predecessor terminated, unlawfully accessed Plaintiff's computer system using credentials from third parties and at least one account that Young set up solely for the purpose of accessing Plaintiff's computer network to unlawfully

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    view and/or export data from Plaintiff's network.

2         6.    Plaintiff does not know the true names and capacities of defendants sued herein as

3    Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.

4    Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and

5    capacities of the fictitiously named defendants when ascertained.

6         7.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant

7    times, the Defendants, including DOE defendants 1 through 10, were acting as the partners,

8    agents, servants, employees, alter egos, contractors, members, co-venturers and/or shareholders of

9    others of the Defendants and/or in concert with each other, and unless alleged otherwise, were

10   acting within the course and scope of such relationship, with the knowledge, express or implied,

11   of each such other named defendant, and that each defendant has approved and ratified the

12   actions of each of the other defendants.

13   <u>**Jurisdiction and Venue**</u>

14        8.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331

15   and 1338, as well as 15 U.S.C. § 1121.

16        9.    Upon information and belief, Bickel Advisory Services, LLC is subject to this

17   Court's specific and general personal jurisdiction pursuant to due process and/or the California

18   Long Arm Statute, due at least to Bickel Advisory Service, LLC's presence in this District and/or

19   substantial business in this District, including at least a portion of the infringement alleged herein.

20        10.    Upon information and belief, Robert Bickel is subject to this Court's specific and

21   general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due

22   at least to Mr. Bickel's substantial business in this District, including at least a portion of the

23   infringement alleged herein.

24        11.    Upon information and belief, Natalie Young is subject to this Court's specific and

25   general personal jurisdiction because she resides in this District, and has engaged in the acts

26   herein alleged while within this District.

27        12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Upon information

28   and belief, Bickel has transacted business in this District, and has committed acts of trademark

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    infringement in this District.  Natalie Young also resides within this District and has committed

2    acts of trademark infringement while within this District.

3    **Factual Allegations**

4    I.    *Active and Its Couch to 5K Marks*

5    13.    Active's cloud-based software platforms help activity organizers streamline and

6    manage the administration of activities and events, and also allow event participants to access

7    activities through web-based consumer portals, including at ACTIVE.com.  As a purveyor of

8    activity and participant management solutions, Active offers a variety of software and web-based

9    products catering to event organizers and consumers with active lifestyles.

10    14.    Since at least June of 2007, Active has maintained websites featuring its industry

11    pioneering "Couch to 5K" training plan online (and through mobile device applications for iOS

12    and Android operating systems), intended to "transform you from couch potato to runner, getting

13    you to begin running a 5K or 3.1 miles and on a regular basis in just two months."[1]  Among other

14    things, Active's websites and applications promote and advertise the "Couch to 5K" training plan,

15    and provide consumers with links to easily access and download it.

16    15.    To protect its rights in the Couch to 5K Mark, Active has obtained U.S. federal

17    trademark registration (Reg. No. 3769221) on the Principal Register for the United States Patent

18    and Trademark Office ("USPTO") for COUCH TO 5K in connection with a website featuring

19    online sports training and training advice.  Active's registration for the '221 Mark remains in full

20    force and effect.  A true and accurate copy of the certificate of registration as well as the

21    Trademark Electronic Search System ("TESS") record for the '221 Mark is attached as **Exhibit A**

22    hereto.

23    16.    Since at least August of 2011, Active has also used the Couch to 5K Mark on its

24    webpage promoting one of Active's software products, the "Couch to 5k Running App" (the

25    "Application").[2]  The Application is a downloadable training program intended to help

26    "beginning runners move from the couch to the 5K finish line".  The Application is available for

27    

28    ───────────────
[1] http://www.coolrunning.com/engine/2/2_3/index.shtml
[2] http://www.active.com/mobile/couch-to-5k-app

download to both Apple and Android mobile devices.  Released in or about December of 2012, the application has received significant praise, including from Runners World and Engadget, and in 2016 was awarded a "Gold Stevie" from the American Business Awards for best application in the Lifestyle category[3], and best mobile app in the Healthcare & Fitness category at the 2012 Appy Awards.  Since its release, the Application has achieved significant consumer recognition, including mention on The Daily Show with John Stewart[4] and over three thousand reviews on the Apple App Store alone.

17.     To protects its rights in the Couch to 5K Mark, Active obtained U.S. federal trademark registration (Reg. No. 4397245) on the Principal Register for the United States Patent and Trademark Office ("USPTO") for COUCH TO 5K in connection with computer software for sports training and training advice, namely, computer software for recording, editing and sharing information about sports training and for providing sports training advice based upon the information recorded.  Active's registration for the '245 Mark remains in full force and effect.  A true and accurate copy of the certificate of registration as well as the Trademark Electronic Search System ("TESS") record for the '245 Mark is attached as **Exhibit B** hereto.

18.     Active uses the Couch to 5K Marks in connection with Active's websites, training plan, and Application.

19.     Active has used the '221 Mark continuously in connection with its websites and training plan since at least June of 2007, and it has continuously advertised on the website and/or permitted download of its training plan since that time.

20.     Active has used the '245 Mark continuously in connection with its websites and Application since at least August of 2011, and it has continuously advertised on its websites and sold the Application since that time.

21.     Through its continuous use and extensive advertising, Active has invested heavily in developing a reputation for excellence for its Couch to 5K website, training products, and

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

---

[3] https://stevieawards.com/aba/active-network-dallas-tx-app
[4] *The Daily Show with John Stewart*, Comedy Central (July 28, 2015) (http://www.cc.com/video-clips/t8urnk/the-daily-show-with-jon-stewart-tom-cruise)

Application, as well as in developing substantial consumer goodwill, both of which are reflected in the Couch to 5K Marks. The Couch to 5K Marks are an integral part of Active's overall product identity.

22.     The Couch to 5K Marks are valid, protectable, and enforceable. Through Active's continuous use and advertising, the Couch to 5K Marks have become well-known in the activity management and sporting industries and with consumers. Furthermore, the Couch to 5K Marks are inherently distinctive, and have also acquired distinctiveness through continuous use in commerce, strengthening their meaning as an identifier for Active in the marketplace.

II.     _Bickel's Infringement and Unfair Competition_

23.     Bickel is a direct competitor to Active in the activity management and sporting industries, and Bickel provides similar services to Active via its website RunSignUp.com. Young is an employee and agent of Bickel who creates web content for Bickel and its customers, and on information and belief created and/or contributed to the acts of infringement alleged herein.

24.     Upon information and belief, Bickel, without authorization, has used the Couch to 5K Marks in commerce to advertise Bickel's services on the Internet in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by Active. An example of Bickel's infringing use of the Couch to 5K Marks on its website follows below:[5]

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

---

[5] https://runsignup.com/Race/MI/Howell/Couchto5KwithPlaymakers  (last visited February 2, 2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



20    25.    Bickel's unauthorized use of the Couch to 5K Marks includes, but is not limited to,

21  use of the mark on its webpage to advertise and sell Bickel's services, including online sports

22  training and training advice and applications and computer software for sports training and

23  training advice, as shown, for example, in **Exhibit C** attached hereto.

24    26.    Bickel's use of the Couch to 5K Mark causes confusion and mistake and is likely

25  to deceive customers and potential customers regarding the origin, affiliation, association,

26  connection, and/or endorsement of Bickel's services and website with or by Active.

27    27.    At no time has Active authorized or consented to Bickel's use of the Couch to 5K

28  Marks or any other Active intellectual property.

28.     At no time has Active had any association, affiliation or connection with, or endorsed Bickel's services, Bickel's website or Bickel.  Specifically, Bickel's services are not authorized, approved, endorsed, or sponsored by, or associated, affiliated, or connected with Active, and Bickel and its website is not authorized, approved, endorsed, or sponsored by, or associated, affiliated, or connected with Active.

29.     In using the Couch to 5K Marks, Bickel has willfully and deliberately sought to profit from Active's pre-established goodwill and reputation.

30.     Active has suffered significant harm to its reputation and goodwill due to Bickel's actions and will continue to suffer irreparable harm to its reputation and goodwill if Bickel's conduct is not enjoined.

### First Claim For Relief
**(Federal Trademark Infringement)**
**(15 U.S.C. § 1114)**

31.     Active realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

32.     Active owns U.S. federal registrations 3769221 and 4397245 for the Couch to 5K Marks.  These registrations are in full force and effect and are enforceable.

33.     At all times relevant, Bickel exercised ownership or control over online advertising for its products, services and websites, and knowingly cooperated in and/or induced, encouraged, enabled, or aided the infringement of Active's trademark rights in online advertising for its products, services, and website.

34.     Bickel's use of the Couch to 5K Marks in interstate commerce is likely to cause customer confusion or to cause mistake or to deceive as to the origin of the products and services offered and sold by Bickel and as to their affiliation, connection, or association with and/or endorsement or approval by Active.

35.     Bickel's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between Bickel's products, services, and website and Active when there is not.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

36.    As a direct result of the likely confusion, mistake, or deception, Active has suffered and will continue to suffer irreparable harm if Bickel's conduct is not enjoined.

37.    The likely confusion, mistake, or deception caused by Bickel is willful and is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**Second Claim For Relief**
**(Trademark Infringement)**
**(California Common Law)**

38.    Active realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

39.    Active owns common law rights in the Couch to 5K Marks that date back to 2007.

40.    The acts and conduct of Bickel as alleged in Active's First Claim For Relief, immediately above, constitute trademark infringement under the common law of California.

41.    At all times relevant, Bickel exercised ownership or control over online advertising for its products, services and websites, and knowingly cooperated in and/or induced, encouraged, enabled, or aided the infringement of Active's trademark rights in online advertising for its products, services, and website.

42.    Bickel's use of the Couch to 5K Marks is likely to cause customer confusion or to cause mistake or to deceive as to the origin of the products and services offered and sold by Bickel and as to their affiliation, connection, or association with and/or endorsement or approval by Active.

43.    Bickel's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between Bickel's products, services, and website and Active when there is not.

44.    As a direct result of the likely confusion, mistake, or deception, Active has suffered and will continue to suffer irreparable harm if Bickel's conduct is not enjoined.

**Third Claim For Relief**
**(Federal Unfair Competition)**
**(15 U.S.C. § 1125(a))**

45.    Active realleges and incorporates by reference, as if fully set forth herein, the

1    allegations in all the preceding paragraphs.

2         46.    Bickel's actions constitute use of terms, names, symbols and devices, and use of

3    false designations or origin, all of which is likely to cause confusion, mistake, or deception as to

4    the source of origin of the products, services, and websites provided by Bickel, in that customers

5    and potential customers are likely to believe that such products, services, and websites are

6    provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some

7    other way legitimately connected to Active.

8         47.    Bickel's actions are likely to cause confusion, mistake, or deception, in that

9    customers and potential customers are likely to believe there is sponsorship, approval, licensing,

10   affiliation, association, or some legitimate connection between the products, services, and

11   websites provided by Bickel and Active, when there is not.

12        48.    As a direct and proximate result of the likely confusion, mistake, or deception,

13   Active has suffered and will continue to suffer irreparable harm if Bickel's conduct is not

14   enjoined.

15        49.    The likely confusion, mistake, or deception caused by Bickel is willful and is in

16   violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17                          **Fourth Claim For Relief**
                     **(Unlawful, Unfair, and Fraudulent Competition)**
18          **(California Business and Professions Code § 17200, *et seq.*)**

19        50.    Active realleges and incorporates by reference, as if fully set forth herein, the

20   allegations in all the preceding paragraphs.

21        51.    The acts and conduct of Bickel as alleged above in this Complaint constitute

22   unlawful, unfair, and/or fraudulent business acts or practices as defined by Cal. Bus. & Prof.

23   Code § 17200 *et seq*.

24        52.    Bickel's acts of unlawful, unfair, and fraudulent competition have caused harm to

25   competition, to consumers, and to its competitors.  Bickel's acts of unlawful, unfair, and

26   fraudulent competition have proximately caused Active to suffer injury in fact and loss of money

27   and/or property (including as a result of expenses that Active has incurred, and continues to incur,

28   in its efforts to prevent and deter Bickel from engaging in unlawful conduct) in an amount to be

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  proven at trial.  Bickel's acts of unlawful, unfair, and fraudulent competition also have caused

2  irreparable and incalculable injury to Active, to the Couch to 5K Marks, and to the business and

3  goodwill represented thereby, and, unless enjoined, could cause further irreparable and

4  incalculable injury, whereby Active has no adequate remedy at law.

5  **PRAYER FOR RELIEF**

6  WHEREFORE, Active respectfully requests the following relief:

7       A.     For injunctive relief, as follows: a permanent injunction enjoining and restraining

8  Bickel, Young, and all persons or entities acting in concert with them during the pendency of this

9  action and thereafter perpetually from:

10            1.     Displaying Active's trademarks anywhere on Bickel's website or

11                 promotional materials;

12            2.     Unfairly competing with Active by further acts of infringement and

13                 unauthorized use of Active's marks;

14            3.     Falsely suggesting an affiliation or endorsement by Active of Bickel's

15                 products and services by further acts of infringement and unauthorized use

16                 of Active's marks;

17       B.     An award to Active of damages and against defendants, jointly and severally,

18  including but not limited to, compensatory, statutory, and punitive damages, as permitted by law

19  and in such amounts to be proven at trial.

20       C.     For a declaration that Bickel's and Young's acts of infringement were intentional,

21  willful and that this case qualifies as "exceptional" within the meaning of the Lanham Act, so as

22  to entitle Active to enhanced damages, an award of attorneys' fees, and trebled costs.

23       D.     Costs of suit and an award of attorneys' fees otherwise allowed by law.

24       D.     For pre and post-judgment interest as allowed by law.

25       E.     For such other relief as the Court may deem just and proper.

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## **DEMAND FOR JURY TRIAL**

Active hereby demands a trial by jury on all claims and issues so triable.

Dated: February 22, 2017               TROUTMAN SANDERS LLP


By: /s/ Matthew D. Murphey
            Matthew D. Murphey
            Meghan Canty Sherrill

            Attorneys for Plaintiff,
            ACTIVE NETWORK LLC

30469756            COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ACTIVE NETWORK, LLC, a Delaware limited liability company, | BICKEL ADVISORY SERVICES, LLC, a New Jersey limited liability company and dba RunSignUp.com, ROBERT BICKEL, an Individual; NATALIE YOUNG, an Individual; and DOES 1-10 |

**(b)** County of Residence of First Listed Plaintiff    Dallas County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew D. Murphey, SBN 194111; Meghan C. Sherrill, SBN 259487
Troutman Sanders LLP
5 Park Plaza, Suite 1400, Irvine, CA 92614 (949) 622-2700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☒ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation-Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1114; 15 U.S.C. § 1125

Brief description of cause:
trademark infringement; unfair competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 02-22-17

SIGNATURE OF ATTORNEY OF RECORD /s/ Matthew D. Murphey

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkFlow.com

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.


American LegalNet, Inc.
www.FormsWorkFlow.com